```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| RAHIM R. CALDWELL, | HON. JEROME B. SIMANDLE |
| Plaintiff, | Civil No. 08-4099 (JBS) |
| v. |  |
| VINELAND POLICE DEPARTMENT, et al., | **MEMORANDUM OPINION** |
| Defendants. |  |

**SIMANDLE**, District Judge:

    This matter is before the Court upon motion for default judgment by Plaintiff Rahim Caldwell ("Plaintiff") against Defendants Vineland Police Department, the City of Vineland, and Vineland Police Officers C. Brunetta, Dounoulis, and D. Ferrari (collectively, "Defendants") [Docket Item 6].  THIS COURT FINDS AS FOLLOWS:

    1.  Plaintiff, proceeding pro se, filed this action against Defendants alleging that Defendants violated his constitutional rights by unlawfully stopping and arresting him [Docket Item 1]. Pursuant to 28 U.S.C. § 1915(a), the Court entered an Order [Docket Item 2] granting Plaintiff permission to proceed in forma pauperis.

    2.  The United States Marshal served copies of the Summons and Complaint upon all Defendants on September 17, 2008 [Docket Item 5].  Under Rule 12(a)(1)(A)(i), Fed. R. Civ. P., Defendants' answers were due by October 7, 2008.  By October 24, 2008, none

of the Defendants had filed answers.  On that date, Plaintiff filed his motion for default judgment [Docket Item 6].

    3.  On November 7, 2008, Defendants filed their opposition to Plaintiff's motion for default judgment [Docket Items 9 & 10].  Defendants' counsel represented that Plaintiff's Complaint was served on Defendants' independent insurance agent that, due to administrative oversight, did not forward the Complaint to the insurance carrier or defense counsel until the end of October, 2008.  (Defs. Opp'n at 2.)  Defense counsel did not review the file until November 5, 2008, at which time he learned that a motion for default judgment had been filed.  (Id.)  On November 10, 2008, Defendants filed their Answer to Plaintiff's Complaint [Docket Item 11].

    4.  The Court will construe Plaintiff's motion as one for default pursuant to Rule 55(a), Fed. R. Civ. P., not default judgment pursuant to Rule 55(b)(2), Fed. R. Civ. P., (default judgment where damages are not a sum certain).  To succeed on a motion for default judgment, the plaintiff must show, inter alia, entry of default under Rule 55(a) and proof of damages. Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990); GE Healthcare Fin. Servs. v. New Brunswick X-Ray Group, No. 05-833, 2007 WL 38851 at *3 (D.N.J. 2007) (citing Fed. R. Civ. P. 55(b)(2)).  In this case, Plaintiff did not seek entry of default, so no default was entered against Defendants.  Plaintiff

likewise did not submit any proof of damages (or any other proof).

5. Though it would now be improper to enter default against Defendants, who have answered Plaintiff's Complaint and are no longer in default, because Plaintiff is proceeding <u>pro</u> <u>se</u> and because, had he filed the proper motion on October 24, 2008, default would have been entered against Defendants, the Court will proceed as if default had been entered against Defendants on or about October 24, 2008. The Court will also construe Defendants' opposition to be a motion to set aside default. Defendants' opposition addresses the same factors to be applied when seeking to vacate an entry of default.

6. Under Rule 55(c), Fed. R. Civ. P., "the court may set aside an entry of default for good cause . . ." In ruling on a Rule 55(c) motion, "a district court must consider (1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense, that is, whether the defendant's allegations, if established at trial, would constitute a complete defense to the action; and (3) whether the default was the result of the defendant's culpable conduct." <u>Dambach v. United States</u>, 211 Fed. Appx. 105, 109 (3d Cir. 2006) (citing <u>United States v. $55,518.05 in U.S. Currency</u>, 728 F.2d 192, 194 (3d Cir. 1984)). As the Court of Appeals has consistently emphasized, "doubts should be resolved in favor of reaching a decision on the

3

merits." Scarborough v. Eubanks, 747 F.2d 871, 878 (3d Cir. 1984) (citation omitted).

    7. Applying these considerations to this case, the Court will set aside the default that would have been entered against Defendants and deny Plaintiff's motion for default judgment. First, there is no suggestion that Plaintiff was prejudiced by the one month delay in receipt of an Answer. "Delay in realizing satisfaction on a claim rarely serves to establish the degree of prejudice sufficient to prevent the opening [of] a default [] entered at an early stage of the proceeding." Feliciano v. Reliant Tooling Co., 691 F.2d 653, 657 (3d Cir. 1982). There is, moreover, no indication that Plaintiff would risk the "loss of available evidence, increased potential for fraud or collusion, or substantial reliance upon the judgment to support a finding of prejudice." Id. In the absence of any showing of unfair prejudice, the Court concludes that the first factor weighs in favor of granting Defendants' application to set aside the entry of default.

    6. The Court further finds that Defendants' "allegations, if established at trial, would constitute a complete defense to the action." Dambach, 211 Fed. Appx. at 109. Plaintiff's claims are based on an allegedly false arrest, and it is well-established that where police have probable cause to believe an individual is committing or has committed a crime, a stop and

arrest are lawful.  U.S. v. Burton, 288 F.3d 91, 97-98 (3d Cir. 2002).  Among the defenses advanced by Defendants is that the police had probable cause to arrest Plaintiff and this defense, if proven at trial, would be meritorious.  The second Rule 55(c) factor thus weighs in Defendants' favor.

7.  Finally, there is nothing before the Court to suggest that "the default was the result of the defendant's culpable conduct."  Dambach, 211 Fed. Appx. at 109.  The delay in Defendants' filing was the fault of their independent insurance agent and their attorney, not Defendants themselves, which tips the third Rule 55(c) factor in Defendants' favor.

8.  With all three of these considerations weighing in favor of setting aside any default that would have been entered against Defendants, and in light of the strong presumption "in favor of reaching a decision on the merits," Scarborough, 747 F.2d at 878, the Court will deny Plaintiffs' motion for default judgment.  The accompanying Order will be entered.


**April 24, 2009**                         s/ Jerome B. Simandle
Date                                       JEROME B. SIMANDLE
                                           United States District Judge