```
                IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| RAHIM R. CALDWELL, | HON. JEROME B. SIMANDLE |
| Plaintiff, | Civil No. 08-4099 (JBS/KMW) |
| v. | |
| VINELAND POLICE DEPARTMENT, et al., | **MEMORANDUM OPINION** |
| Defendants. | |

**SIMANDLE**, District Judge:

   This matter is before the Court upon an unopposed motion to dismiss filed by Defendants Vineland Police Department, the City of Vineland, C. Brunetta, Dounoulis, and Ferrari [Docket Items 22 & 23], and motions for a "protective order" [Docket Item 26] and for summary judgment [Docket Item 27] filed by Plaintiff Rahim Caldwell.  The central question is whether the Court should dismiss Plaintiff's complaint due to his refusal to appear for a Court-ordered deposition pursuant to Rule 37(b)(2), Fed. R. Civ. P.  THIS COURT FINDS AS FOLLOWS:

   1.  On August 13, 2008, Plaintiff filed his complaint in this action pursuant to 42 U.S.C. § 1983, alleging that Defendants violated various of his constitutional rights. Defendants scheduled a deposition of Plaintiff for February 6, 2009, and when he failed to appear they filed a motion to compel Plaintiff to appear at a deposition [Docket Item 15].  The

Magistrate Judge granted Defendants' motion and ordered Plaintiff to appear for a deposition no later than April 30, 2009 [Docket Item 19]. The Magistrate Judge further ordered that if Plaintiff failed to appear for his deposition, "he may be subject to sanctions, including the possible dismissal of his claims" [Docket Item 19].

2. Defendants scheduled Plaintiff's deposition for April 13, 2009 at 10:00 a.m. and mailed a copy of the notice of deposition to Plaintiff via regular and certified mail. (Karamessinis Certification ¶ 5, Exh. A.) Plaintiff failed to appear. (Karamessinis Certification ¶ 7.) On April 29, 2009, Defendants filed the instant motion to dismiss based on Plaintiff's failure to submit to deposition. Plaintiff has failed to respond to Defendants' motion to dismiss or to offer any explanation for his failure to appear for the scheduled deposition. Defendants assert that they are severely prejudiced in their defense of this case by Plaintiff's failure to appear for his deposition. (Karamessinis Certification ¶ 8.)

3. Meanwhile, on April 24, 2009, Plaintiff prepared a motion for a "protection order" and a motion for summary judgment. In his motion for a protection order, Plaintiff asks the Court to issue an order to stop Defendants from violating his rights. In his motion for summary judgment he asks the Court to grant him summary judgment "due to the fact Defendants pointed

gun [sic] at Plaintiff, falsely accused Plaintiff of being in possession of a gun, and no gun was found on Plaintiff" [Docket Item 27]. Plaintiff does not attach any evidence, in the form of an affidavit or otherwise, to either of his motions.

4. Pursuant to Rule 37(b)(2)(A)(v), Fed. R. Civ. P., a court may dismiss an action where a plaintiff fails to obey a discovery order. In determining whether dismissal is an appropriate sanction for violation of a discovery order, courts will generally consider the factors outlined in Poulis v. State Farm Fire and Casualty, 747 F.2d 863 (3d Cir. 1984), though such analysis is not always necessary. Dover v. Diguglielmo, 181 F. App'x 234, 237-38 (3d Cir. 2006) ("[A] Poulis analysis is unnecessary when a litigant's willful conduct prevents the case from going forward, thereby giving a district court no option but dismissal."), citing Spain v. Gallegos, 26 F.3d 439, 454-55 (3d Cir. 1994). The six Poulis factors are: (1) the extent of the party's personal responsibility; (2) prejudice to the adversary; (3) a history of dilatoriness; (4) whether the conduct was willful or in bad faith; (5) availability of alternative sanctions; and, (6) the meritoriousness of the claim. Poulis, 747 F.2d at 868.

5. The Court finds that all the Poulis factors point to an order of dismissal in this case. Plaintiff, who is appearing pro se, is personally responsible for his failure to appear at

3

the Court-ordered deposition.  Defendants are severely prejudiced because they cannot proceed with their defense without deposing Plaintiff.  Plaintiff has a history of dilatoriness in this action, in that he has twice failed to appear for a deposition and as failed to offer any explanation for his refusal to be deposed.  No other effective sanction is available because the case cannot proceed without Plaintiff submitting to a deposition.  See Dover, 181 F. App'x at 237-38 (dismissal was only possible sanction where plaintiff failed to appear for his court-ordered deposition).  Finally, the Court cannot determine the meritoriousness of Plaintiff's claims, which all turn on facts, where Plaintiff has refused to be deposed and has submitted no evidence in support of his own action.  Consequently, the Court will grant Defendants' motion and dismiss the action due to Plaintiff's refusal to appear for his Court-ordered deposition.

     6.  The Court will briefly address Plaintiff's two pending motions.  Plaintiff offers no evidence to support his request for a "protective order" and the Court can find not legal basis to grant such a sweeping request.  Plaintiff similarly offers no evidence in support of his motion for summary judgment, so the Court cannot possibly find that there is "no genuine issue as to any material fact" as required by Rule 56(c), Fed. R. Civ. P.  The Court will therefore deny Plaintiff's motions for a protective order and for summary judgment.

7.  The accompanying Order shall be entered.


**November 12, 2009**                    **s/ Jerome B. Simandle**
Date                                     JEROME B. SIMANDLE
                                         United States District Judge