IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| RAHIM R. CALDWELL, | HON. JEROME B. SIMANDLE |
| Plaintiff, | Civil No. 08-4099 (JBS/KMW) |
| v. | |
| VINELAND POLICE DEPARTMENT, et al., | **MEMORANDUM OPINION** |
| Defendants. | |

**SIMANDLE**, District Judge:

    This matter is before the Court upon Plaintiff's motion to reconsider the Court's November 12, 2009 Memorandum Opinion and Order granting Defendants' motion to dismiss due to Plaintiff's failure to appear at a Court-ordered deposition pursuant to Rule 37(b)(2), Fed. R. Civ. P. [Docket Item 36]. Plaintiff argues that the Court should have ruled on Plaintiff's "motion for protection order" before deciding Defendant's motion to dismiss, and further asserts that his records do not reflect that he received a copy of Defendant's motion. For the reasons set forth below, the Court will deny Plaintiff's motion for reconsideration. THIS COURT FINDS AS FOLLOWS:

    1. On August 13, 2008, Plaintiff filed his complaint in this action pursuant to 42 U.S.C. § 1983, alleging that Defendants violated various of his constitutional rights. Defendants scheduled a deposition of Plaintiff for February 6,

2009, and when he failed to appear they filed a motion to compel Plaintiff to appear at a deposition [Docket Item 15].  The Magistrate Judge granted Defendants' motion on March 25, 2009 and ordered Plaintiff to appear for a deposition no later than April 30, 2009 [Docket Item 19].  The Magistrate Judge further ordered that if Plaintiff failed to appear for his deposition, "he may be subject to sanctions, including the possible dismissal of his claims" [Docket Item 19].

    2.  Defendants scheduled Plaintiff's deposition for April 13, 2009 at 10:00 a.m. and mailed a copy of the notice of deposition to Plaintiff via regular and certified mail. (Karamessinis Certification ¶ 5, Exh. A.)  Plaintiff failed to appear.  (Karamessinis Certification ¶ 7.)  On April 29, 2009, Defendants filed their motion to dismiss based on Plaintiff's failure to submit to deposition, including a certificate of service signed by attorney David Karamessinis attesting to mailing the motion to Plaintiff's last known address on April 29, 2009 [Docket Item 23 at p. 5].  Plaintiff did not respond to Defendants' motion to dismiss.  Defendants asserted that they were severely prejudiced in their defense of this case by Plaintiff's failure to appear for his deposition.  (Karamessinis Certification ¶ 8.)

    3.  Meanwhile, on April 24, 2009, which is eleven (11) days after skipping his Court-ordered deposition, Plaintiff prepared

what he titled "motion for protection order." In his motion for a "protection order," Plaintiff asked the Court to issue an order to stop Defendants from "violating [his] rights." He did not request that the Court reconsider its order mandating a deposition, nor did he offer any reason why he should not have to appear for a deposition in his own action. In fact, he made no mention of the Court-ordered deposition. Rather, it is clear that his motion was in fact an unsupported motion for injunctive relief, in which he asks the Court to order Defendants to stop "violat[ing] Plaintiff's United States constitutional rights [sic] and other rights" [Docket Item 26].

4. On April 28, 2009, Defendants moved to dismiss Plaintiff's claims pursuant to Rule 37(b)(2), due to Plaintiff's refusal to appear for a deposition in his own action [Docket Items 22 & 24].

5. On November 12, 2009, the Court granted Defendants' motion to dismiss and denied Plaintiff's "motion for protection order" as well as a motion for summary judgment also filed by Plaintiff [Docket Items 34 & 35]. In the Court's Memorandum Opinion, the Court reviewed the <u>Poulis</u> factors and found that all the factors called for dismissal. (Memorandum Opinion ¶¶ 4-5.) The Court then denied the "motion for protection order," stating "Plaintiff offers no evidence to support his request for a 'protective order' and the Court can find no legal basis to grant

3

such a sweeping request." (Id. ¶ 6.)

   6.  Plaintiff now moves for reconsideration only of the Court's decision to dismiss this action.  In his motion, he does not challenge the merits of the decision, but instead intimates that he did not receive Defendants' motion ("Plaintiff['s] records do not show plaintiff has received a copy of defendant's [sic] motion to dismiss . . .") and then argues that the Court should have ruled on his "motion for protection order" before dismissing this action.  The Court will address each argument in turn.

   7.  Local Civil Rule 7.1(i) governs the Court's review of Defendants' motion for reconsideration.  Rule 7.1(i) requires the moving party to set forth the factual matters or controlling legal authorities it believes the Court overlooked when rendering its initial decision.  L. Civ. R. 7.1(i).  To prevail on a motion for reconsideration, the movant must show:

>     (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court . . . [rendered the judgment in question]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.

Max's Seafood Café ex rel. Lou-Ann, Inc., v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).  To prevail under the third prong, the movant must show that "dispositive factual matters or controlling decisions of law were brought to the court's attention but not considered."  P. Schoenfeld Asset Management LLC v. Cendant

Corp., 161 F. Supp. 2d 349, 353 (D.N.J. 2001) (internal quotations and citations omitted).  The standard of review involved in a motion for reconsideration is high and relief is to be granted sparingly.  United States v. Jones, 158 F.R.D. 309, 314 (D.N.J. 1994); Maldonado v. Lucca, 636 F. Supp. 621, 629 (D.N.J. 1986).

8.  Plaintiff does not set forth any new law or newly discovered evidence, and so it appears that Plaintiff is asking the Court to reconsider the order to dismiss based on "the need to correct a clear error of law or fact or to prevent manifest injustice."  The Court finds no error of law or fact, nor any manifest injustice, in its decision to dismiss and so will deny Plaintiff's motion for reconsideration.

9.  First, as to Plaintiff's assertion that he did not receive Defendants' motion to dismiss, even assuming (for the sake of argument) this is true[1], Plaintiff has not shown that he

---

[1] Defense counsel's certification of service [Docket Item 23 at p. 5] is proof of mailing, and the law presumes that a motion mailed to the person's last known address under Rule 5(b)(2)(C), Fed. R. Civ. P., has been received.  See In re Cendant Corp. Prides Litigation, 311 F.3d 298, 304 (3d Cir. 2002) ("The common law has long recognized a presumption that an item properly mailed was received by the addressee."); In re State Line Hotel, Inc., 323 B.R. 703, 708 n.5 (9th Cir. 2005) ("The mailbox presumption is that mail properly addressed, stamped, and deposited in an appropriate receptacle creates a rebuttable presumption of its receipt, and service by mail is complete upon mailing.  See Rule 7005; FRCP 5(b)."), vacated on other grounds as moot, 242 F. App'x 460 (9th Cir. 2007).  Plaintiff's claim of non-receipt of the dismissal motion is both equivocal ("Plaintiff['s] records do not show plaintiff has received a copy

suffered any prejudice due to his inability to respond to the motion.  Plaintiff offers no explanation for why he should not appear for a deposition in his own case or why he did not appear for the Court-ordered deposition, scheduled for April 13, 2009. Plaintiff nowhere claims he was unaware of the Court-ordered deposition date of April 13, 2009, or that he didn't receive the Court's Order of March 25, 2009 and Defendants' deposition notice setting the April 13th date.  Plaintiff claims that he was waiting for the Court to resolve his "motion for protection order," but that motion was not filed until April 24, 2009, eleven days after he was required to appear for a deposition. Further, the Court notes that it properly relied on Defendants' certificate of service, so there was no error in the Court's initial opinion dismissing the action.  Plaintiff has failed to present any arguments that would have led the Court to a different decision, or even at this late date, to offer any reasons why he twice failed to appear for his deposition.  The Court sees no reason to reconsider its November 12, 2009 Memorandum Opinion and Order based solely on Plaintiff's assertion that he did not receive a copy of the motion to dismiss.

    10.  Second, as to Plaintiff's argument that the Court should have decided his "motion for protection order" prior to

---

of defendant's motion to dismiss . . .") and unsworn [Docket Item 36].

dismissing this action, in order to give him an opportunity to appear for a Court-ordered deposition, the Court similarly sees no merit in this claim.  Plaintiff's motion sought broad injunctive relief against any violation of his constitutional rights.  Plaintiff's "motion for protection order" was not a motion for a protective order against discovery pursuant to Rule 26(c).  In other words, in that motion Plaintiff did not set forth any grounds for why he should not be compelled to appear for a deposition in his own action.  In fact, he made no mention of the Court-ordered deposition in his motion for "protection order."  Indeed, any argument that the Plaintiff should not have to give a deposition in his own lawsuit would find no support; it is fundamental that Defendants are entitled to examine Plaintiff about relevant matters in his own case.  Moreover, Plaintiff never moved for reconsideration or appeal of the Magistrate Judge's March 25, 2009 Order compelling the deposition.  As the Third Circuit has stated, "[Plaintiff] may not withhold discovery responses and blatantly violate multiple court orders simply because he prefers that the District Court act on all of his motions first."  <u>Azkour v. Aria</u>, 330 F. App'x 373, 376 (3d Cir. 2009).  The Court was under no obligation to deny Plaintiff's "motion for protection order" and give Plaintiff yet another invitation and opportunity to comply with the Court's order before deciding Defendants' motion to dismiss.

11.  Plaintiff having failed to set forth any valid basis for reconsideration, the Court will deny Plaintiff's motion for reconsideration.  The accompanying Order shall be entered.


**January 26, 2010**          **s/ Jerome B. Simandle**
Date                           JEROME B. SIMANDLE
                               United States District Judge