IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

RAHIM R. CALDWELL,                          :          HON. JEROME B. SIMANDLE

            Plaintiff,                      :          Civil No. 08-4099 (JBS/KMW)

            v.                              :          **MEMORANDUM OPINION**

VINELAND POLICE DEPARTMENT, et              :
al.,                                        :

            Defendants.                     :
                                            :

**SIMANDLE**, District Judge:

　　This matter is before the Court upon Plaintiff's motion to reconsider [Docket Item 43] the Court's January 26, 2010 Memorandum Opinion denying Plaintiff's motion to reconsider the Court's November 12, 2009 Memorandum Opinion and Order.  The November 12, 2009 opinion granted Defendants' motion to dismiss due to Plaintiff's failure to appear at a Court-ordered deposition pursuant to Rule 37(b)(2), Fed. R. Civ. P.  Plaintiff now asserts, for the first time, that he did not receive notice of the Court-ordered deposition until after the deposition was scheduled to occur.  For the reasons set forth below, the Court will deny Plaintiff's second motion for reconsideration.  THIS COURT FINDS AS FOLLOWS:

　　1.  On August 13, 2008, Plaintiff filed his complaint in this action pursuant to 42 U.S.C. § 1983, alleging that Defendants violated various of his constitutional rights.

Defendants scheduled a deposition of Plaintiff for February 6, 2009, and when he failed to appear they filed a motion to compel Plaintiff to appear at a deposition [Docket Item 15]. The Magistrate Judge granted Defendants' motion on March 25, 2009 and ordered Plaintiff to appear for a deposition no later than April 30, 2009 [Docket Item 19]. The Magistrate Judge further ordered that if Plaintiff failed to appear for his deposition, "he may be subject to sanctions, including the possible dismissal of his claims" [Docket Item 19].

2.  On March 31, 2009, Defendants scheduled Plaintiff's deposition for April 13, 2009 at 10:00 a.m. and mailed a copy of the notice of deposition to Plaintiff via regular and certified mail. (Karamessinis Certification ¶ 5, Exh. A.) Plaintiff failed to appear. (Karamessinis Certification ¶ 7.) On April 29, 2009, Defendants filed their motion to dismiss based on Plaintiff's failure to submit to deposition, including a certificate of service signed by attorney David Karamessinis attesting to mailing the motion to Plaintiff's last known address on April 29, 2009 [Docket Item 23 at p. 5]. Plaintiff did not respond to Defendants' motion to dismiss. Defendants asserted that they were severely prejudiced in their defense of this case by Plaintiff's failure to appear for his deposition. (Karamessinis Certification ¶ 8.)

3.   Plaintiff now asserts that he did not receive the notice of the deposition until April 21, 2009.  Plaintiff did not inform this Court, the Magistrate Judge, or Defendants of the alleged late arrival of the deposition notice (apparently almost three weeks after it was mailed).  He did not seek an extension of time in which to comply with the Magistrate Judge's Order to appear for a deposition by April 30, 2009.  Instead, on April 24, 2009, three days after he allegedly received the late deposition notice, Plaintiff prepared what he titled "motion for protection order."  In his motion for a "protection order," Plaintiff asked the Court to issue an order to stop Defendants from "violating [his] rights."  He did not request that the Court reconsider its order mandating a deposition, nor did he offer any reason why he should not have to appear for a deposition in his own action or make any mention of the allegedly late deposition notice.  In fact, he made no mention of the Court-ordered deposition. Rather, it is clear that his motion was in fact an unsupported motion for injunctive relief, in which he asks the Court to order Defendants to stop "violat[ing] Plaintiff's United States constitutional rights [sic] and other rights" [Docket Item 26].

4.  On November 12, 2009, the Court granted Defendants' motion to dismiss and denied Plaintiff's "motion for protection order" as well as a motion for summary judgment also filed by Plaintiff [Docket Items 34 & 35].  In the Court's Memorandum

3

Opinion, the Court reviewed the <u>Poulis</u> factors and found that all
the factors called for dismissal.  (Memorandum Opinion ¶¶ 4-5.)
The Court then denied the "motion for protection order," stating
"Plaintiff offers no evidence to support his request for a
'protective order' and the Court can find no legal basis to grant
such a sweeping request."  (<u>Id.</u> ¶ 6.)

    5.  On November 23, 2009, Plaintiff moved for
reconsideration only of the Court's decision to dismiss this
action.  In his motion, he did not challenge the merits of the
decision, but instead intimated that he had not received
Defendants' motion to dismiss ("Plaintiff['s] records do not show
plaintiff has received a copy of defendant's [sic] motion to
dismiss . . .") and then argued that the Court should have ruled
on his "motion for protection order" before dismissing this
action.  Significantly, Plaintiff made no mention of the fact
that he allegedly had not received notice of the April 13, 2009
deposition until after the date had passed.  Instead, Plaintiff
offered no explanation for why he did not appear at the
deposition.

    6.  On January 26, 2010, the Court denied Plaintiff's first
motion for reconsideration.

    7.  Plaintiff now asserts, almost a year after he missed the
April 13, 2009 Court-ordered deposition, that he did not receive
notice of that deposition until after it had occurred.  Plaintiff

did not seek to extend the Court-ordered deadline for appearing for a deposition.  Plaintiff did not make this assertion in response to Defendants' motion to dismiss or in his November 23, 2009 motion to reconsider.

8.   The Court will deny Plaintiff's motion on two grounds. First, as the Court explained in its February 2, 2010 Order denying Plaintiff's request for an extension to file this motion, there is no procedure for reconsideration of an order denying reconsideration pursuant to Local Civil Rule 7.1(i).  The appropriate procedure for challenging this Court's decision to dismiss this action and deny reconsideration is an appeal to the United States Court of Appeals for the Third Circuit.  See Fed. R. App. P. 4(a).

9.   Second, even if Plaintiff's motion could be brought pursuant to Local Civil Rule 7.1(i), Plaintiff has failed to show an intervening change in controlling law, the availability of new evidence that was not available when the Court entered its judgment, or any manifest injustice that would support reconsideration.  See Max's Seafood Café ex rel. Lou-Ann, Inc., v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).  If in fact Plaintiff did not receive notice of the April 13, 2009 deposition until after the deposition was scheduled to occur, Plaintiff should have (1) informed the Magistrate Judge and the Court and sought an extension of time to comply with the Court's Order

requiring that Plaintiff appear for a deposition no later than April 30, 2009, (2) informed the Court of the late-received notice in opposition to Defendants' motion to dismiss (assuming Plaintiff received the motion to dismiss), and (3) informed the Court of the late-received notice in Plaintiff's first motion to reconsider.  Plaintiff's failure for almost one year to inform the Court of the supposedly late notice of deposition precludes any finding of manifest injustice in the Court's order to dismiss this action with prejudice.

10.  Plaintiff having failed to set forth any valid basis for reconsideration, the Court will deny Plaintiff's motion for reconsideration.  The accompanying Order shall be entered.

**February 23, 2010**                          **s/ Jerome B. Simandle**
Date                                           JEROME B. SIMANDLE
                                               United States District Judge